UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION AT TOLEDO

| | |
|---|---|
| **MICHAEL P. CARROLL**<br>3712 River Road<br>Toledo, OH 43614<br><br>        Plaintiff,<br><br>    v.<br><br>**UNION HOME MORTGAGE CORP**<br>℅ Cody Nett, Registered Agent<br>8241 Dow Circle<br>Strongsville, OH 44136<br><br>AND<br><br>**EQUIFAX INFORMATION SERVICES, LLC**<br>℅ Corporation Service Company, Registered Agent<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, OH 43221<br><br>AND<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.**<br>c/o CT Corporation System, Registered Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>AND<br><br>**TRANS UNION LLC**<br>℅ The Prentice-Hall Corporation System, Inc., Registered Agent<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, OH 43221<br><br>        Defendant. | Case No.<br><br>Judge<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff Michael P. Carroll ("Plaintiff" or "Carroll") and for his Complaint for Damages

against Defendants Union Home Mortgage Corporation ("UHM"), Equifax Information Services, LLC ("Equifax"), Experian Information Services, Inc. ("Experian") and Trans Union LLC ("TU", together with UHM, Equifax and Experian, the "Defendants") states as follows:

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Carroll brings this action against Defendant UHM for its repeated failure to furnish correct information regarding his mortgage loan despite written assurances to do so which has delayed Carroll's ability to improve his credit and obtain further credit.

4. Carroll also brings this action against Defendant Equifax for its failure to properly investigate the Plaintiff's specific dispute as to UHM's tradeline and communicate with UHM as to why information on the tradeline was not being furnished which has delayed Carroll's ability to improve his credit and obtain further credit.

5. Carroll also brings this action against Defendant Experian for its failure to properly investigate the Plaintiff's specific dispute as to UHM's tradeline and communicate with UHM as to why information on the tradeline was not being furnished which has delayed Carroll's ability to improve his credit and obtain further credit.

6. Carroll also brings this action against Defendant TU for its failure to properly investigate the Plaintiff's specific dispute as to UHM's tradeline and communicate with UHM as to why information on the tradeline was not being furnished which has delayed Carroll's ability to improve his credit and obtain further credit.

7. Equifax failed "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" as statutorily mandated pursuant to 15 U.S.C. §1681e(b).

8. Experian failed "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" as statutorily mandated pursuant to 15 U.S.C. §1681e(b).

9. Trans Union failed "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" as statutorily mandated pursuant to 15 U.S.C. §1681e(b).

10. UHM failed to comply with its duties under 15 U.S.C. § 1681s-2(a)(1)(A) and/or (a)(1)(B) as UHM failed to furnish information regarding Carroll's loan that it knew, or should have known, was accurate despite written assurances it would do so.

11. Equifax failed to comply with its duties under 15 U.S.C. §1681i(a)(1), which requires that credit reporting agencies "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information."

12. Experian failed to comply with its duties under 15 U.S.C. §1681i(a)(1), which requires that credit reporting agencies "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information."

13. Trans Union failed to comply with its duties under 15 U.S.C. §1681i(a)(1), which requires that credit reporting agencies "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information."

## PARTIES, JURISDICTION, AND VENUE

14. Plaintiff Michael P. Carroll is the co-owner of residential real property, located at and commonly known as 3712 River Road, Toledo, OH 43614 (the "Home").

15. Carroll has maintained the Home as his primary, principal residence, and has so maintained the Home for all times relevant to the allegations of this Complaint.

16. Defendant Union Home Mortgage is a domestic corporation headquartered in Strongsville, OH.

17. Defendant Equifax Information Services, LLC regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Ohio.

18. Defendant Experian Information Solutions, Inc. regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Ohio

19. Defendant TransUnion, LLC regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Ohio.

20. Unless otherwise indicated the use of names of Equifax, Experian and TU in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

21. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681, *et seq*.; 11 U.S.C. 101, *et seq.*, and 28 U.S.C. §1331.

22. This Court has supplemental jurisdiction to hear all state law statutory and common law claims pursuant to 28 U.S.C. §1367.

23. Venue lies in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred, or a substantial part of property that is the subject of the action, is in this District.

## FACTUAL BACKGROUND

24. On or about April 22, 2022 Carroll executed a promissory note and mortgage with UHM in the amount of $286,000.00 for the House. (the "Loan")

25. On July 1, 2022 Carroll noticed that UHM had not begun furnishing information about the Loan on his credit reports with each of the other Defendants (Equifax, Experian and TU).

26. From the beginning of July and culminating in November 2022 Carroll contacted representatives with UHM regarding UHM's failure to furnish any information about the Loan on his credit reports. At that time UHM's representatives indicated they would investigate the matter and get back to Carroll.

27. On or about January 24, 2023 Carroll and "Frank Casteroena" of UHM ("Castorena") exchanged emails which indicated that UHM had transmitted information on the Loan to the other Defendants to furnish on Carroll's credit report.

28. On February 2, 2023 Carroll had a follow-up email exchange with Castorena inquiring as to why the information had not shown up on his credit reports with the other Defendants.

29. On March 3, 2023 Carroll sent a written Notice of Dispute to Equifax pursuant to 15 U.S.C. § 1681i(a)(2) in which Carroll requested that Equifax investigate the furnishing of

information on UHM's tradeline.  A copy of the March 3, 2023 dispute letter is attached as Exhibit 1.

30. Exhibit 1 was a letter, certified, return receipt, to Equifax which requested the information in the UHM tradelines be updated based upon Carroll's concerns that the loan reporting was not being made as of January 24, 2023.  Carroll specifically requested for Equifax to (1) investigate any transmissions from UHM related to the tradeline and (2) request information about the Loan from UHM. *Id.*

31. The requests made by Carroll in Exhibit 1 can reasonably be construed by Equifax to be a request for Equifax to initiate an automated Credit Dispute Validation request.  Therefore upon receiving Exhibit 1, Equifax was required to conduct an investigation into this specific account on Carroll's credit report pursuant to 15 U.S.C. § 1681i.

32. On March 3, 2023 Carroll sent a written Notice of Dispute to Experian pursuant to 15 U.S.C. § 1681i(a)(2) in which Carroll requested that Equifax investigate the furnishing of information on UHM's tradeline.  A copy of the March 3, 2023 dispute letter is attached as Exhibit 2.

33. Exhibit 2 was a letter, certified, return receipt, to Experian which requested the information in the UHM tradelines be updated based upon Carroll's concerns that the loan reporting was not being made as of January 24, 2023.  Carroll specifically requested for Experian to (1) investigate any transmissions from UHM related to the tradeline and (2) request information about the Loan from UHM. *See* Exhibit 2.

34. The requests made by Carroll in Exhibit 2 can reasonably be construed by Experian to be a request for Experian to initiate an automated Credit Dispute Validation request.

Therefore upon receiving Exhibit 2, Experian was required to conduct an investigation into this specific account on Carroll's credit report pursuant to 15 U.S.C. § 1681i.

35. On March 3, 2023 Carroll sent a written Notice of Dispute to TU pursuant to 15 U.S.C. § 1681i(a)(2) in which Carroll requested that Equifax investigate the furnishing of information on UHM's tradeline.  A copy of the March 3, 2023 dispute letter is attached as Exhibit 3.

36. Exhibit 3 was a letter, certified, return receipt, to Experian which requested the information in the UHM tradelines be updated based upon Carroll's concerns that the loan reporting was not being made as of January 24, 2023.  Carroll specifically requested for Experian to (1) investigate any transmissions from UHM related to the tradeline and (2) request information about the Loan from UHM. *See* Exhibit 3.

37. The requests made by Carroll in Exhibit 3 can reasonably be construed by TU to be a request for TU to initiate an automated Credit Dispute Validation request.  Therefore upon receiving Exhibit 3, TU was required to conduct an investigation into this specific account on Carroll's credit report pursuant to 15 U.S.C. § 1681i.

38. Exhibit 1 was received by Equifax on March 10, 2023. *See* Exhibit 4.

39. Exhibit 2 was received by Experian on March 10, 2023. *Id.*

40. Exhibit 3 was received by TU on March 16, 2023. *Id.*

41. On or about March 18, 2023 Equifax provided Carroll a Credit File which did not contain any reporting information from UHM. *See* Exhibit 5.

42. To date Experian has not provided a written response to Exhibit 2.  On April 3, 2023 Carroll obtained a credit report from Experian which did not contain any reporting information from UHM. *See* Exhibit 6.

43. On March 20, 2023 TU provided Carroll a letter in response to Exhibit 3, a copy of which is attached as Exhibit 7 to this Complaint. In Exhibit 7, TU indicated there was no reporting information from UHM. *Id.*

44. UHM ceased servicing the loan as of December 20, 2022.

45. The continued misreporting by UHM of Carroll's mortgage loan has caused Carroll to suffer actual non-economic damages in the form of frustration, anxiety and fear in being unable to obtain more credit as his credit scores remain diminished as well as the daily frustration, stress and anxiety that neither UHM nor the other Defendants will take any actions to provide accurate reporting of all payments made between June 1, 2002 and through November 30, 2022.

**COUNT ONE:**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - EQUIFAX**
**15 U.S.C. § 1681,** *et seq.*

46. Plaintiff restates and incorporates all of the allegations contained in Paragraphs 1 through 45 in their entirety, as if fully rewritten herein.

47. As stated above UHM's representatives made representations to Carroll that UHM furnished information about the Loan to each of the other Defendants for furnishment on Carroll's credit reports.

48. As evidenced by Exhibit 1, Carroll sent a Written Notice of Dispute to Equifax on March 3, 2023 to formally dispute UHM's failure to furnish information as promised.

49. This dispute was a written Notice of Dispute to Equifax pursuant to 15 U.S.C. § 1681i(a)(2).

50. Upon receiving these written Notices of Dispute, Equifax was required to conduct an investigation into the UHM tradeline on Plaintiff's credit report pursuant to 15 U.S.C. § 1681i.

51. As demonstrated through the allegations in the Complaint and Exhibits 4 and 5, Equifax failed to notify UHM pursuant to 15 U.S.C. § 1681(a)(2) as the inaccurate reporting persisted.

52. Equifax's continued incomplete and inaccurate reporting of Carroll's credit history for the UHM tradeline as demonstrated above, in light of its knowledge of the actual errors and omissions was willful. Plaintiff Michael P. Carroll is entitled to both statutory and punitive damages.

53. The foregoing acts and omissions by Equifax constitute willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. §1681.

54. As a result of each and every willful violation of the FCRA, Plaintiff Michael P. Carroll is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1) of at least $3.75 as well as costs, statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Equifax.

55. As a result of each and every negligent act of noncompliance of the FCRA, Plaintiff Michael P. Carroll is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1) of at least $7.65 and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Equifax.

## COUNT TWO:
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - EXPERIAN

**15 U.S.C. § 1681,** *et seq.*

56. Plaintiff restates and incorporates all of the allegations contained in Paragraphs 1 through 45 in their entirety, as if fully rewritten herein.

57. As stated above UHM's representatives made representations to Carroll that UHM furnished information about the Loan to each of the other Defendants for furnishment on Carroll's credit reports.

58. As evidenced by Exhibit 2, Carroll sent a Written Notice of Dispute to Experian on March 3, 2023 to formally dispute UHM's failure to furnish information as promised.

59. This dispute was a written Notice of Dispute to Experian pursuant to 15 U.S.C. § 1681i(a)(2).

60. Upon receiving these written Notices of Dispute, Experian was required to conduct an investigation into the UHM tradeline on Plaintiff's credit report pursuant to 15 U.S.C. § 1681i.

61. As demonstrated through the allegations in the Complaint and Exhibits 4 and 6, Experian failed to notify UHM pursuant to 15 U.S.C. § 1681(a)(2) as the inaccurate reporting persisted.

62. Experian's continued incomplete and inaccurate reporting of Carroll's credit history for the UHM tradeline as demonstrated above, in light of its knowledge of the actual errors and omissions was willful. Plaintiff Michael P. Carroll is entitled to both statutory and punitive damages.

63. The foregoing acts and omissions by Experian constitute willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. §1681.

64. As a result of each and every willful violation of the FCRA, Plaintiff Michael P. Carroll is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1) of at least $3.75 as well as costs, statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Experian.

65. As a result of each and every negligent act of noncompliance of the FCRA, Plaintiff Michael P. Carroll is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1) of at least $7.65 and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Experian.

## COUNT THREE:
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - TRANS UNION LLC
## 15 U.S.C. § 1681, *et seq.*

66. Plaintiff restates and incorporates all of the allegations contained in Paragraphs 1 through 45 in their entirety, as if fully rewritten herein.

67. As stated above UHM's representatives made representations to Carroll that UHM furnished information about the Loan to each of the other Defendants for furnishment on Carroll's credit reports.

68. As evidenced by Exhibit 2, Carroll sent a Written Notice of Dispute to TU on March 3, 2023 to formally dispute UHM's failure to furnish information as promised.

69. This dispute was a written Notice of Dispute to TU pursuant to 15 U.S.C. § 1681i(a)(2).

70. Upon receiving these written Notices of Dispute, TU was required to conduct an investigation into the UHM tradeline on Plaintiff's credit report pursuant to 15 U.S.C. § 1681i.

71. As demonstrated through the allegations in the Complaint and Exhibits 4 and 7, TU failed to notify UHM pursuant to 15 U.S.C. § 1681(a)(2) as the inaccurate reporting persisted.

72. TU's continued incomplete and inaccurate reporting of Carroll's credit history for the UHM tradeline as demonstrated above, in light of its knowledge of the actual errors and omissions was willful.  Plaintiff Michael P. Carroll is entitled to both statutory and punitive damages.

73. The foregoing acts and omissions by TU constitute willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. §1681.

74. As a result of each and every willful violation of the FCRA, Plaintiff Michael P. Carroll is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1) of at least $3.75 as well as costs, statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from TU.

75. As a result of each and every negligent act of noncompliance of the FCRA, Plaintiff Michael P. Carroll is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1) of at least $7.65 and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from TU.

## COUNT FOUR:
## VIOLATIONS OF THE RMLA, R.C. 1322.01, *et seq.* - AGAINST UHM

76. Carroll restates and incorporates all of the statements and allegations contained in paragraphs 1 through 75 in their entirety, as if fully rewritten herein.

77. "No person ... shall act as a … mortgage servicer … without first having obtained a certificate of registration from the superintendent of financial institutions for the principal office and every branch office to be maintained by the person for the transaction of business as a … mortgage servicer ... in this state." R.C. 1322.07(A).

78. UHM, as a mortgage servicer, is required to be registered with the Ohio Department of Commerce, Division of Financial Institutions under R.C. 1322.

79. UHM is a registrant under R.C. 1322, as the Ohio Department of Commerce, Division of Financial Institutions has issued it certificates of registration, License No. RM.802837.00. R.C. 1322.01(HH).

80. Carroll is a buyer, as his Loan was serviced by UHM for all times relevant to this Complaint, a mortgage servicer. R.C. 1322.01(H).

81. A registrant, licensee, or person required to be registered or licensed under R.C. 1322, *et seq.* cannot "[e]ngage in conduct that constitutes improper, fraudulent, or dishonest dealings." R.C. 1322.40(C).

82. UHM's conduct in, *inter alia*, failing to provide the credit reporting information after January 24, 2023's written confirmation they had furnished the information, failing to provide the information again after receiving written notification on February 2, 2023 that the reporting was not appearing on Carroll's credit reports, and its failure to provide any credit reporting information after receiving Exhibit 1, 2, and/or 3 constitute violations of R.C. 1322.40(C).

83. UHM's conduct caused Carroll to suffer actual damages, as further described, *supra*.

84. As a result of UHM's conduct, UHM is liable to Carroll for actual damages, as further described, *supra*, as well as reasonable attorneys' fees and costs incurred in connection with this action and punitive damages. R.C. 1322.52.

85. A registrant, licensee, or person required to be registered or licensed under R.C. 1322, *et seq.*, is required to comply with all duties imposed by other statutes or common law and:

    (3) Act with reasonable skill, care, and diligence; [and]
    (4) Act in good faith and with fair dealing in any transaction, practice, or course of business in connection with the brokering or originating of any residential mortgage loan[.]

R.C. 1322.45(A).

86. A registrant, licensee, or person required to be registered or licensed under R.C. 1322 cannot waive or modify its duties under R.C. 1322.45(A). R.C. 1322.45(C).

87. UHM's conduct in, *inter alia*, and specifically stated in Paragraph 82 above constitutes violations of R.C. 1322.45(A)(3)-(4).

88. As a result of UHMt's conduct, UHM is liable to Carroll for actual damages, as further described, *supra*, as well as reasonable attorneys' fees and costs incurred in connection with this action and punitive damages. R.C. 1322.45(D).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Michael P. Carroll respectfully requests that this Court enter judgment an Order granting Judgment in her favor against Defendants Union Home Mortgage Corporation, Equifax Information Services, LLC, Experian Information Services, Inc.and Trans Union LLC as follows:

   A. For an award of actual damages of at least $3.50 and in a total amount to be determined at trial against Defendant Equifax for the allegations contained in Count One;

B. For an award of actual damages of at least $3.50 and in a total amount to be determined at trial against Defendant Experian for the allegations contained in Count Two;

C. For an award of actual damages of at least $3.50 and in a total amount to be determined at trial against Defendant Trans Union for the allegations contained in Count Three;

D. For an award of actual damages in an amount to be determined at trial against Defendant UHM for the allegations contained in Count Four;

E. For an award of statutory damages against Defendant Equifax as applicable, pursuant to 15 U.S.C. 1681n(a)(1) for the allegations contained in Count One;

F. For an award of statutory damages against Defendant Experian as applicable, pursuant to 15 U.S.C. 1681n(a)(1) for the allegations contained in Count Two;

G. For an award of statutory damages against Defendant TU as applicable, pursuant to 15 U.S.C. 1681n(a)(1) for the allegations contained in Count Three;

H. For an award of punitive damages as the Court may award against Defendants Equifax, Experian, and Trans Union, as applicable, pursuant to 15 U.S.C. 1681n(a)(2) for the allegations contained in Counts One, Two and Three as to each applicable Defendant;

I. For an award of punitive damages in an amount to be determined at trial against Defendant UHM for the allegations contained in Count Four;

J. For an award of Plaintiff's reasonable attorneys fees and costs, as applicable, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants Equifax, Experian and Trans Union for each incident of negligent

noncompliance of the FCRA for the allegations contained in Counts One, Two and Three as to each applicable Defendant;

K. An award of Plaintiff's reasonable attorneys fees and costs against Defendant UHM; and

L. For such other relief which this Court may deem appropriate.

Respectfully submitted,

/s/Brian D. Flick, Esq.
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Marita I. Ramirez, Esq. (0101882)
Dann Law
15000 Madison Ave.
Lakewood, OH 44107
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Counsel for Plaintiff Michael P. Carroll*

## JURY DEMAND

Plaintiff Michael P. Carroll hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/Brian D. Flick, Esq.
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Marita I. Ramirez, Esq. (0101882)
Dann Law
*Counsel for Plaintiff Michael P. Carroll*