## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**MICHAEL P. CARROLL,**                       CASE NO. 3:23 CV 1234

      Plaintiff,

      v.                                      JUDGE JAMES R. KNEPP II

**UNION HOME MORTGAGE CORP.,**
**et al.,**
                                            **MEMORANDUM OPINION AND**
      Defendants.                             **ORDER**

### INTRODUCTION

Currently pending before the Court is Defendant Union Home Mortgage Corp.'s ("UHM") Motion to Dismiss. (Doc. 17). Plaintiff Michael P. Carroll opposes (Doc. 25), and UHM replies (Doc. 27). For the reasons stated below, the Court denies UHM's motion.

### BACKGROUND

Plaintiff brings this case against UHM "for its repeated failure to furnish correct information regarding his mortgage loan despite written assurances to do so which has delayed [Plaintiff's] ability to improve his credit and obtain further credit." (Doc. 1, at ¶ 3). Similarly, he brings the case against Defendant Trans Union LLC "for its failure to properly investigate the Plaintiff's specific dispute as to UHM's tradeline and communicate with UHM as to why information on the tradeline was not being furnished which has delayed [Plaintiff's] ability to improve his credit and obtain further credit." *Id.* at ¶ 6.[1] Plaintiff alleges "UHM failed to comply

_____

1. Plaintiff filed his Complaint on June 22, 2023, against Defendants Equifax Information Systems, LLC, Experian Information Systems, Inc., Trans Union, LLC, and UHM (Doc. 1). Experian and Equifax moved to dismiss for failure to state a claim. (Doc. 16). Plaintiff

with its duties under 15 U.S.C. §1681s-2(a)(1)(A) and/or (a)(1)(B) as UHM failed to furnish information regarding [Plaintiff's] loan that it knew, or should have known, was accurate despite written assurances it would do so." *Id.* at ¶ 10.

Plaintiff is the co-owner of a residential property in Toledo, Ohio. *Id.* at ¶ 14. In April 2022, Plaintiff executed a promissory note and mortgage with UHM. *Id.* at ¶ 24. In July, Plaintiff "noticed that UHM had not begun furnishing information about the Loan on his credit reports; from July to November 2022, Plaintiff contacted UHM regarding this issue. *Id.* at ¶¶ 25-26.

UHM ceased servicing Plaintiff's loan on December 20, 2022. *Id.* at ¶ 44.

In early 2023, Plaintiff exchanged emails with a UHM representative which indicated UHM had transmitted information regarding the Loan to the other Defendants. *Id.* at ¶¶ 27-28. On March 3, Plaintiff sent a written Notice of Dispute to Trans Union "pursuant to § 1681i(a)(2) in which [Plaintiff] requested that Equifax [sic] investigate the furnishing of information on UHM's tradeline." *Id.* at ¶ 35; *see also* Doc. 1-1, at 6 (letter to Trans Union). Trans Union responded to Plaintiff's letter on March 20, 2023, stating there was no reporting information from UHM. *Id.* at ¶ 43; *see also* Doc. 1-1, at 34 ("After reviewing your dispute request, we found the information you disputed does not currently appear on your TransUnion credit report.").

Plaintiff asserts:

> The continued misreporting by UHM of [Plaintiff's] mortgage loan has caused [Plaintiff] to suffer actual non-economic damages in the form of frustration, anxiety, and fear in being unable to obtain more credit as his credit scores remain diminished as well as the daily frustration, stress and anxiety that neither UHM nor the other Defendants will take any action to provide accurate reporting of all payments made between June 1, 2022 and through November 30, 2022.

---

subsequently dismissed his claims against these two Defendants. *See* Docs. 21-24. Thus, Plaintiff's remaining claims are Count 3 (against Trans Union for violations of the FCRA) and Count 4 (against UHM for violations of the RMLA). Trans Union filed an Answer (Doc. 12) and UHM filed the currently-pending Motion to Dismiss (Doc. 17).

*Id.* at ¶ 45.

## STANDARD OF REVIEW

On a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. The Court construes the complaint in the light most favorable to Plaintiff, accepts all factual allegations as true, and determines whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

UHM moves to dismiss Plaintiff's Complaint with two interrelated arguments. It contends first, Plaintiff has not pled a plausible claim under the Fair Credit Reporting Act ("FCRA") against UHM, and second, because Plaintiff has not pled a plausible FCRA claim against UHM, the Court should decline to exercise supplemental jurisdiction over the remaining state law claim. *See* Doc. 17. In response, Plaintiff states that he "has only sought relief against [UHM] for violations of the Residential Mortgage Loan Act, [Ohio Rev. Code] §§ 1322.01, *et seq*." (Doc. 25, at 4) ("As a threshold issue for this Motion, the Plaintiff would simply point out that Defendant's Motion to be denied because it is seeking to dismiss a claim that the Plaintiff

never brought[.]").[2] Plaintiff further contends the RMLA is adequately pled and is sufficiently related to the remaining FCRA claim against Trans Union such that this Court can exercise supplemental jurisdiction over the state law RMLA claim. In reply, UHM argues that either: (1) the claims are not so sufficiently intertwined that the Court should exercise supplemental jurisdiction over the RMLA claim, or (2) the claims are sufficiently related such that the FCRA necessarily preempts the RMLA claim. Either way, UHM asserts, the motion should be granted.

The only argument directed at the RMLA claim in UHM's original motion was a secondary argument that this Court should decline to exercise supplemental jurisdiction over the RMLA claim because all federal claims against UHM should be dismissed for other reasons. But Plaintiff responds that it only brought an RMLA claim against UHM, and this is a fair reading of the Complaint.[3] The original motion did not directly attack the adequacy of the pleading of the RMLA claim, nor did it address the adequacy of the Complaint as directed at the other remaining Defendant, TransUnion. It is only in reply that UHM first argues the FCRA preempts any RMLA claim and that therefore the RMLA claim fails to state a claim upon which relief can be granted. Although the argument made in reply is in some manner responsive to the argument Plaintiff

---

2. He later elaborates: "The Plaintiff agrees with [UHM] that the Plaintiff has not alleged violations of 15 U.S.C. § 1681-s(2)(b) as to the Defendant since the Plaintiff has not alleged [UHM] received the dispute. *See* Compl. ¶¶ 24-45 . . . The Plaintiff also agrees with [UHM] that any violations of 15 U.S.C. § 1681-s(2)(a) which could reasonably be read in the Plaintiff's Complaint are not actionable because not only is there is [sic] no private right of action but also the Plaintiff did not assert any causes of action for violations of the Fair Credit Reporting Act against [UHM] in his Complaint." (Doc. 25, at 6-7).

3. The only "Count" in the Complaint expressly asserted against UHM is Count Four, alleging violations of the RMLA. (Doc. 1, at ¶¶ 76-88). Elsewhere in the Complaint, Plaintiff does appear to assert UHM violated the FCRA, stating "UHM failed to comply with its duties under 15 U.S.C. §1681-s(2)(a)(1)(A) and/or (a)(1)(B) as UHM failed to furnish information regarding [Plaintiff's] loan that it knew, or should have known, was accurate despite written assurances it would do so", *id.* at ¶ 10, but he does not expressly assert such a claim (and now disavows it as such).

asserted in opposition, it is still a materially different argument for dismissal of the claim than was presented in the original Motion to Dismiss. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (raising an argument for the first time in a reply is not proper and deprives the non-moving party of an opportunity to respond).

In short, the newly presented arguments in UHM's reply regarding preemption may or may not ultimately carry the day, but at this juncture the Court finds it is not appropriate to reach them as a basis for the dismissal of the RMLA claim against UHM. On the argument originally presented, and the subsequent briefing on that issue, the Court finds that UHM's motion must be denied.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant Union Home Mortgage Corporation's Motion to Dismiss (Doc. 17) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE